NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT L. HAYES, JR.,

          Plaintiff,

v.

EDMOND C. CICCHI,

          Defendant.

Civil Action No. 13-3707 (JAP)

**OPINION**

APPEARANCES:
Robert L. Hayes, Jr.
111763
Middlesex County Correction Center
P.O. Box 266
New Brunswick, NJ 08903
Plaintiff *pro se*

**PISANO**, District Judge.

    Plaintiff, Robert L. Hayes, Jr. (hereinafter referred to as "Plaintiff"), an inmate confined at Middlesex County Correction Center, seeks to bring this civil action *in forma pauperis*, pursuant to U.S.C. § 1915. For the following reasons, Plaintiff's request to proceed *in forma pauperis* will be denied.

**I. BACKGROUND**

    Plaintiff brings this Complaint, pursuant to 42 U.S.C. § 1983, against Defendant Edmond C. Cicchi alleging that he has been denied the right to be baptized at the facility at which he is incarcerated. He states that on May 16, 2013 he wrote a letter to the Social Services Department at the Middlesex County Adult Correction Center asking if he could be baptized while incarcerated at that facility. The Social Services Department responded on May 17, 2013 that they could not accommodate his request. Plaintiff asserts that the denial of his request is not in compliance with

the facility rules and regulations which provide that inmates shall be afforded the opportunity to practice their religion. Plaintiff seeks relief in the form of an award of $500,000.

## II. DISCUSSION

Plaintiff seeks to proceed with this action *in forma pauperis*, pursuant to 28 U.S.C. § 1915, having submitted an *in forma pauperis* application with his form Complaint. Plaintiff has previously filed numerous complaints within the District of New Jersey, four of which have been dismissed for failure to state a claim. *Hayes, Jr. v. Miller*, Civil No. 13-0604 (PGS); *Hayes v. Sewitch*, Civil No. 13-0605 (PGS); *Hayes v. Morris*, Civil No. 13-0608 (PGS); and *Hayes v. Cicchi*, Civil No. 13-3706 (PGS). Therefore, this action is subject to the "three strikes" provision of 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action *in forma pauperis*, pursuant to 28 U.S.C. § 1915, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A prisoner who has three or more such dismissals may be excused from this rule only if he is in imminent danger of serious physical injury.

As related above, Plaintiff has filed earlier civil actions in the District of New Jersey, at least four of which have been dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Accordingly, Plaintiff is deemed a litigant with "three strikes" under 28 U.S.C. § 1915(g) because he has passed the statutory limit as set forth in that statute. Plaintiff is now precluded from seeking *in forma pauperis* status pursuant to § 1915(g)'s

2

"three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury," which would excuse him from the restrictions of § 1915(g).

In this Complaint, Plaintiff makes no allegations or claims of "imminent danger." Rather, the Complaint asserts claims based on allegations that Plaintiff has been unable to become baptized at the facility at which he is incarcerated. Consequently, because the Complaint in this action does not contain sufficient allegations reasonably suggesting that Plaintiff is in "imminent danger of serious physical injury," which would excuse him from the restrictions under § 1915(g), Plaintiff may not proceed *in forma pauperis*.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's request to proceed in forma pauperis will be denied, pursuant to 28 U.S.C. § 1915(g). Further, Plaintiff's request for appointment of counsel is denied as moot. An appropriate order follows.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.